UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AMY FROEBEL,

                           Plaintiff,

v.                                                  Civil Action No. _____

GUTMAN, MINTZ, BAKER, & SONNENFELDT, P.C.

                           Defendant

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Amy Froebel, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Gutman, Mintz, Baker & Sonnenfeldt, P.C. is a domestic registered limited liability partnership organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by their employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

1

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff allegedly incurred a debt to Pacific Street Equities, LLC. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter allegedly defaulted on the subject debt.

12. That upon information and belief, Defendant was employed by to collect on the subject debt.

13. That on or about November 28, 2012, Plaintiff's son signed a lease to rent an apartment along with a roommate in Brooklyn, New York. Plaintiff signed as a guarantor but never resided in the apartment or was listed on the lease. All rental payments were made by Plaintiff's son.

14. That on or about November 15, 2013, Plaintiff's son moved out of the apartment two weeks prior to the expiration of the lease. Plaintiff's son's roommate continued to reside in the apartment after the lease was expired on November 30, 2013.

15. That on or April 27, 2014, Plaintiff sent Defendant a letter requesting validation of the debt stating her son's share of the rent was paid and he did not owe anything.

16. That on or about July 24, 2014, Defendant filed a complaint in Kings County Court against Plaintiff, in an attempt to collect on the subject debt.

17. That when the above action was commenced in Kings County Court by Defendant, Plaintiff resided at 3400 Wende Road, Alden, New York 14004.

18. That Defendant filing of the action to collect on the subject debt against Plaintiff in the Kings County Court was an improper venue. The proper venue for the commencement of a legal action to collect a debt against a consumer is the location where the contract was signed or where the consumer resides. The contract was not signed in Kings County nor did the consumer reside in Kings County.

19. That since the Plaintiff neither resides in Kings County nor does she reside in a town contiguous to the Kings County Court, the lawsuit was improper as Kings County Court never obtained personal jurisdiction over the Plaintiff

20. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

21. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692e(5) and §1692i(a)(2) by filing a legal action for the subject debt in the judicial district that Plaintiff did not reside at the time of commencement of the action nor where the contract was signed.

23. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January 20, 2015

Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
khiller@kennethhiller.com

3